J-S78043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
                                                     :                 PENNSYLVANIA

            Appellee             :

                                :

              v.                    :

                                :

KENNETH A. WISE,                 :

                                :

            Appellant           :            No. 690 MDA 2014

Appeal from the Order entered on April 7, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-SA-0000036-2008

BEFORE: GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:           **FILED JANUARY 13, 2015**

Kenneth A. Wise ("Wise"), *pro se*, appeals from the trial court's April 7, 2014 Order quashing his summary appeal of his conviction of abandonment of a motor vehicle on a highway.[1] We reverse the trial court's April 7, 2014 Order, and remand for a trial *de novo* on Wise's summary conviction.

On August 27, 2007, Wise was issued a citation for abandoning his vehicle on a highway. On February 13, 2008, following a summary trial, a magisterial district judge found Wise guilty of this offense, and imposed costs and fines. Wise timely filed a summary appeal of his conviction to the Dauphin County Court of Common Pleas. The trial court conducted a trial *de novo* on May 27, 2008, at which Wise failed to appear. The trial court affirmed Wise's conviction, *in abstentia*, and imposed costs and fines.

---

[1] ***See*** 75 Pa.C.S.A. § 3712(a).

On March 21, 2013, Wise received notification from the Dauphin County Adult Probation and Parole Office that he had outstanding costs and fines. On April 3, 2013, Wise filed a Motion to set aside his summary conviction, alleging that he did not receive notice of the trial *de novo*, and was unaware of that proceeding until he received the letter regarding outstanding fines and costs. In response, the Commonwealth moved to quash Wise's Motion as untimely. On April 8, 2013, the trial court entered an Order granting the Commonwealth's Motion and quashing Wise's Motion as untimely.

Wise thereafter appealed the trial court's April 8, 2013 Order. On February 11, 2014, this Court reversed the trial court's Order on the basis that the evidence of record failed to establish that Wise received proper notice of the May 27, 2008 trial *de novo*, and remanded for a trial *de novo* on Wise's summary conviction. ***See Commonwealth v. Wise***, 97 A.3d 801 (Pa. Super. 2014) (unpublished memorandum).

Following remand, the Commonwealth requested a hearing to present evidence establishing that it had provided proper notice to Wise of the May 27, 2008 trial *de novo*. The trial court scheduled a hearing on the issue of notice for March 31, 2014, to be immediately followed by a trial *de novo* on Wise's summary conviction. On March 31, 2014, the trial court conducted a hearing on the notice issue, and determined that the Commonwealth had provided proper proof of notice to Wise. ***See*** N.T., 3/31/14, at 1-11. On

this basis, the trial court, without conducting a trial *de novo* on Wise's summary conviction, granted the Commonwealth's renewed Motion to Quash Wise's summary appeal, and reinstated its prior Order affirming his conviction and imposing costs and fines. ***See id.*** at 12; ***see also*** Trial Court Order, 4/7/14, at 1. Wise filed a timely Notice of Appeal and a court-ordered Statement of Matters Complained of on Appeal.

On appeal, Wise raises the following issues for our review:

1. Whether [] the trial court [erred by] ignor[ing] the mandate of this Court directing it to hold a summary appeals hearing[?]

2. Whether [] the trial court violated the court's jurisdictional rule (law of the case) by ignoring this Court's mandate directing it to hold a summary appeals hearing[?]

3. Whether [] the Commonwealth has presented to the trial court [] any special circumstances that would permit the trial court [] to ignore this Court's February 11, 2014 ruling[?]

4. Whether [] the Commonwealth's proof of service of the Notice of the March 31, 2014 summary appeal hearing is insufficient as a matter of law[?]

5. Whether [] the Commonwealth's conduct in this appeal merit [*sic*] sanctions[?[2]]

Brief for Appellant at 4-5 (capitalization omitted, footnote added).

The law of the case doctrine refers to

---

[2] Wise failed to raise this issue in his Statement of Matters Complained of on Appeal. Therefore, he has failed to preserve this issue for our review. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (stating that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived).

a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided . . . by a higher court in the earlier phases of the matter. Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter….

The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy . . . but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Ario v. Reliance Ins. Co.*, 980 A.2d 588, 599 (Pa. 2009).

Because this Court previously determined that Wise was not provided with proper notice of the May 27, 2008 trial *de novo*, the trial court violated the law of the case doctrine by altering the resolution of this Court as to that issue. **See id**. Additionally, the trial court erred by failing to conduct a trial *de novo* on Wise's summary conviction, as it was specifically directed to do by a panel of this Court. **See Commonwealth v. Wise**, 97 A.3d 801 (Pa. Super. 2014) (unpublished memorandum at 8). Accordingly, we reverse the trial court's April 7, 2014 Order, and remand for a trial *de novo* on Wise's summary conviction.

Order reversed; case remanded for a trial *de novo* on Wise's summary conviction; Superior Court jurisdiction relinquished.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/13/2015</u>